RECEIVED

OCT - 4 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PEGGY B. AUCOIN | CIVIL ACTION NO. 05-1929 |
| VERSUS | JUDGE DOHERTY |
| BROADSPIRE SERVICES, INC. | MAGISTRATE METHVIN |

## RULING

The plaintiff has asserted a claim for benefits and attorneys's fees arising out of the denial of her claim for short-term disability benefits governed by the Employee Retirement Income Security Action of 1974 ["ERISA"], 29 U.S.C. § 1001, et seq. All briefing has now been completed and this matter is under advisement by the Court.

## FACTS AND PROCEDURAL STATUS

This Court has reviewed the record, including the Motions for Summary Judgment filed on behalf of both parties. In addition this court has reviewed the Administrative Record filed into the record by Broadspire Services, Inc. ["Broadspire"]. Based upon that review, this Court finds that the facts relevant to this matter are as follows.

Peggy Aucoin was an employee at Bellsouth Telecommunications, Inc. ("Bellsouth") for approximately thirty (30) years. During her employment with Bellsouth, Ms. Aucoin was enrolled in a plan for short-term disability benefits through her employer ("the plan"). The plan was administered by the defendant, Broadspire. The plan at issue gives Broadspire (as the plan administrator) discretionary authority to determine the eligibility for coverage, the entitlement to benefits, the amount of benefits payable, and the sufficiency and amount of information required to make those determinations.

Broadspire determines eligibility for benefits based on the specific definition of disability in the plan. Under the Broadspire plan a "disability":

> ....means a medical condition which makes a Participant unable to perform **any type of work** as a result of a physical or mental illness or an accidental injury. "Any type of work" includes the Participant's regular job with or without accommodations, any other Participating Company job (regardless of availability) with or without accommodations, or temporary modified duties. "A Participating Company job" is any job within a Participating Company; or any job outside a Participating Company which is Comparable in skills and functions. A Participant subject to a Disability is referred to as being "Disabled." (emphasis added)

The Plan further states that benefits begin on the eighth (8th) consecutive calendar day of absence on account of the employee's disability and are payable for up to fifty-two (52) weeks, provided that the employee remains continually disabled and otherwise meets the terms and conditions of benefit payment (See Section 4.2 of the Plan; BST 0006). The plan also states that the amount of the employee's benefits shall be based on (i) his/her rate of pay on the first day of absence on account of disability and (ii) his/her net credited service on the eighth (8th) consecutive day of absence on account of disability (See Section 4.3 of plan; BST 0006). The plan further provides that employees with more than 25 years of net-credited service (such as Ms. Aucoin) are entitled to receive full pay for up to fifty-two (52) weeks. *Id*

In March of 2004, due to multiple illnesses including multi-vessel coronary artery disease, multiple angioplasty and stenting procedures, insulin-dependent diabetes, mellitus, hypertension, chronic bronchitis and vertigo, Ms. Aucoin applied for short-term disability benefits under the aforementioned plan. Her claim was initially denied.[1]  Ms. Aucoin then wrote a letter to defendant appealing its decision to deny benefits explaining in detail her condition and the reasons for her

---

[1] She briefly received benefits from March 3, 2004-March 19, 2004 and May 10 and 19, 2004.

disability. Several months later, the defendant sent another letter to Ms. Aucoin informing her it was upholding its decision to deny her claim for benefits.

## STANDARD OF REVIEW

Federal Courts have exclusive jurisdiction to review determinations made by employee benefit plans. 29 U.S.C. § 1132(a)(1)(b). These determinations generally focus on two issues: (1) the meaning of the plan's terms and (2) the nature and extent of the disability. Where, as here, the plan administrator has "discretionary authority to determine eligibility for benefits or to construe the terms of the plan," the district court reviews the administrator's decisions under an "abuse of discretion standard." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101. This highly deferential standard is equivalent to the Fifth Circuit's pre-*Firestone* "arbitrary and capricious" standard. *Wildbur v. Arco Chem. Co*, 974 F.2d 631. With regard to the nature and extent of the employee's disability, a determination that a participant is not "totally disabled" under a disability plan is a factual determination also subject to review under an abuse of discretion standard. *Estate of Bratton v. Nat'l Union Fire Ins. Co. of Pittsburgh PA, et al*, 215 F. 3d 516 (5th Cir. 2000); *Sweatman v. Commercial Ins. Co.*, 39 F.3d 594 (5th Cir. 1994).

Under the abuse of discretion standard on either issue, the Court must decide if the defendant acted arbitrarily or capriciously. *Sweatman*, 39 F.3d at 601. A decision is arbitrary "when made without a rational connection between the known facts and the decision or between the found facts and the evidence." *Laine v. UNUM Life Ins. Co. of Am*, 279 F.3d 337 (5th Cir. 2002). Ultimately, if the plan administrator's decision is "supported by substantial evidence and is not arbitrary and capricious, it must prevail." *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262 (5th Cir. 2005). On the other hand, "if an administrator has made a decision denying benefits and the record

does not support such a denial, the Court may, upon finding an abuse of discretion on the administrator's part, award the amount due on the claim and the attorney's fees." *Id.* "Substantial evidence...means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Girling Health Care v. Shalala*, 85 F.3d 211 (5th Circuit 1996). A district court can conclude that the administrator abused its discretion [only] if the administrator denied the claim "without some concrete evidence in the administrative record." *Gooden v. Provident Life and Acc. Ins. Co.*, 250 F.3d 329 (5th Cir. 2001). The Fifth Circuit has a longstanding rule that "when performing the appellate duties of reviewing decisions of an ERISA plan administrator, the district court may not engage in fact finding." *Vega v. Nat'l Life Ins. Serv., Inc.*, 188 F.3d 211 (5th Circuit 1999). Rather, the court "need only assure that the administrator's determination falls somewhere on a continuum of reasonableness–even if on the low end." *Vega*, 188 F.3d at 297.

### Broadspire's Decision to Deny Ms. Aucoin's Claim

Plaintiff argues the administrator erred in finding she is not unable to perform any type of work as defined by the terms of the plan. Thus, the question presented in this discussion is whether the claims administrator acted arbitrarily or capriciously, meaning there is "no rational connection between the known facts and the decision or between the found facts and the evidence." *Lain v. Unuum Life Insurance Company of America*, 279 F.3d 337 (5th Cir. 2002).

Ms. Aucoin argues the evidence clearly establishes she is totally and permanently disabled and unable to perform any type of work. She submits for this Court's consideration the diagnosis of her cardiologist, Dr. Craig Walker, ("Walker"), who has diagnosed Aucoin with severe multi-vessel coronary artery disease, a disease which has required Aucoin to undergo multiple angioplasty, stenting and catheterization procedures over the last several years. Walker has advised it is in

Aucoin's best interest to refrain from returning to work and that she should be considered permanently disabled from a cardiovascular standpoint. Aucoin also points to what she believes is a highly significant independent medical examination conducted at the defendant's request by Dr. John Nyboer, a pain management specialist. Dr. Nyboer concluded that while Aucoin's disability was permanent in nature, **she was still able to work at least four (4) hours a day**. (emphasis added) Aucoin additionally submits, as evidence of her disabled status, reports from Doctors Granger, Duplechain and Nuss that while attesting to a variety of other ailments from which Aucoin suffers, significantly make no assertions regarding her inability to perform **any type of work** as defined by the narrow definition of disability in Broadspire's benefits plan. (emphasis added) It is undisputed that the plaintiff has medical problems. However, the pertinent issue under review by the administrator was whether such medical conditions met the definitions of disability under the plan.

The defendant offers significant evidence from the record attesting to plaintiff's continued ability to perform some types of employment. Specifically, peer reviews by Doctors Pianko, Superine, Mitriana, Montgomery and independent medical examinations by Doctors Patel and Nyboer all concluded that plaintiff's medical issues did not preclude her from doing "any type of work". Under the terms of the plan, plaintiff bears the burden of producing objective medical evidence sufficient to prove *her inability* to perform any type of work. Although, Aucoin's argument that Broadspire erred – based upon the evidence she submitted in support – in denying her continuing benefits under its plan demonstrates the evidence relied upon by the defendant does not form a rational basis for the decision, "[A] finding of substantial objective evidence for one conclusion does not negate the possibility that an opposite opinion is not arbitrary or capricious." *Davis v. Kentucky Fin. Cos. Ret. Plans*, 887 F.2d 689 (6th Cir. 1989); *Ellis v. Metropolitan Life Ins. Co*, 126 F.3d 228

(4th Cir. 1998). Under the arbitrary and capricious standard as discussed supra, the existence of conflicting medical data does not equate to the defendant's decision having been arbitrary and capricious. Here, defendant has supplied substantial evidence from multiple health care providers, that Aucoin was in fact able to work in some capacity. Therefore, this Court cannot find the decision to deny benefits was an abuse of discretion.[2]

## CONCLUSION

For the foregoing reasons, plaintiffs Motion for Summary Judgment [Doc. 11] is HEREBY DENIED, defendant Broadspire's Motion for Summary Judgment [Doc. 13] is HEREBY GRANTED.

THUS DONE AND SIGNED in chambers, this ____ day of October, 2006.

REBECCA R. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff has presented no evidence the plan administrator acted in bad faith, thus, that issue is not before the Court.